UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Gina Bishop, on behalf of herself and others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Colony Management Corporation d/b/a Colony Apartment Homes,**<br><br>**Defendant.** | **CIVIL ACTION NO.** 3:19cv410 |

# COMPLAINT

Plaintiff Gina Bishop ("Bishop" or "Plaintiff"), respectfully moves for judgment against Colony Management Corporation d/b/a Colony Apartment Homes, ("CMC" or "Defendant"), on behalf of herself and all others similarly situated:

## Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiff asserts this as a "collective" action on behalf of similarly situated current or former employees pursuant to 29 U.S.C. § 216(b).

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court.

1

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Bishop is a resident of Virginia who is employed by Defendant. Bishop is an "employee" as defined in the FLSA.

6. The Colony Management Corporation d/b/a Colony Apartment Homes is engaged in the business of apartment ownership and management. It is a Virginia Corporation with its principal office in Richmond, Virginia. The Colony Management Corporation entity is referred to as "CMC" in this Complaint.

7. CMC meets the definition of "employer" as defined in the FLSA.

## Factual Allegations

8. Bishop was initially hired by Defendant in or around June 2016.

9. CMC provides residential property management services throughout central Virginia.

10. Plaintiff was a Property Manager for CMC at its Forest Ridge apartment property in the City of Richmond, Virginia.

11. Plaintiff's job duties involved general clerical and customer service duties in connection with working in the on-site office of one of Defendant's apartment complexes, including collecting rent money, handling paperwork for incoming and outgoing residents, and responding to general inquiries or complaints from tenants.

12. Plaintiff was paid around $19.50 per hour for working for CMC.

13. Plaintiffs have performed work at various jobsites around central Virginia, including in Richmond, Henrico County and Chesterfield County.

14. Plaintiff worked more than 40 hours per week.

15. Defendant was aware that Plaintiff regularly worked more than 40 hours per week.

16. Defendant did not properly pay Plaintiff for all of her hours worked.

17. Defendant has pay practices in place which systematically deprived Plaintiff and other non-exempt employees of wages and overtime wages.

18. Defendant has a practice of automatically deducting 60 minutes per shift for a purported "meal break."  Defendant automatically deducts this time without regard to whether Plaintiff or similarly situated hourly employees actually receive a break for lunch.

19. Plaintiff was rarely able to take an uninterrupted 60 minute meal break.  Her job was such that she typically grabs lunch and eats at her desk.

20. Plaintiff's boss, Stephanie Mosley stated, "if you don't take your lunch, we're taking the time anyway."

21. On information and belief, Defendant also has a practice of rounding time-clock entries to CMC's favor, such that hourly employees are deprived of pay for all time actually worked.  For example, when Plaintiff clocked-in prior to 8:30 a.m., CMC rounded her actual time to 8:30.  Upon information and belief, CMC did not round in the employee's favor.

22. Due to Defendant's failure to record the precise "meal break" taken, if any, and its time-rounding policy, Defendant failed to maintain accurate time records of all hours worked by Plaintiff.

23. Defendant's unlawful time deductions deprived Plaintiff of full overtime pay in all weeks in which she worked more than 40 hours.

24. Pursuant to the FLSA, Defendant is obligated to pay Plaintiff at a time and a half rate for all overtime hours worked. Defendant failed to do so.

25. Defendant knew or should have known that Plaintiff worked more than 40 hours per week, and of their obligation to pay overtime for these hours. However, Defendant failed to do so.

26. Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude her from being paid at one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

27. Plaintiff was paid on an hourly basis which prevents Defendant from asserting any exemption to the overtime requirements of the FLSA.

28. Prior to CMC's implementation of an electronic time clock system, Plaintiff and others were instructed to simply enter 8 hours per day into a spreadsheet reflecting hours for which they were to be paid, rather than tracking the exact hours worked, which was often in excess of 8 hours per day.

### Representative Action Allegations for FLSA Claims

29. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs. Plaintiff consents to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), and a "Consent to Become Party to Collective Action Under 29 U.S.C. § 216" form will be filed.

30. Upon information and belief, Defendant employs, and has employed, similarly

situated employees who were paid under a similar pay scheme which deprived employees of overtime.

31. Upon information and belief, these employees perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

32. Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

33. On information and belief, Defendant's pay operations are centrally managed as a single enterprise, and all or most of Defendant's employees who are paid similarly to Plaintiff are subject to common time-keeping and payroll practices.

34. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former full-time employees of Defendant, who were employed any time within three (3) years of the date of filing of this action, who were paid on an hourly basis, and who were subjected to the pay scheme where a "meal break" was automatically deducted from each shift worked, and/or time entries were rounded in CMC's favor.

35. Employees who fit within the above definition include property managers and property maintenance technicians.

36. Defendant's policy of rounding, and automatically deducting a "meal break" regardless of whether the employee actually received an uninterrupted meal break for the entire amount of time that Defendant deducted from their pay, amounted to a willful or reckless disregard of employees' rights under the FLSA.

37. At all relevant times, Plaintiff and other similarly situated employees have been

entitled to the rights, protections, and benefits provided under the FLSA.

38. Defendant willfully violated the FLSA by automatically deducting a lunch break from each hourly employee's pay regardless of whether the employee actually stopped working for a completely uninterrupted meal break, and by rounding time.

39. At all relevant times Defendant intended to deprive hourly employees of the overtime pay they were entitled to under the FLSA, or acted with reckless disregard for their rights under the FLSA.

## COUNT I
### FLSA Violation

40. Plaintiff incorporates by reference and re-allege the preceding paragraphs as though fully set forth herein.

41. On information and belief, at all times relevant, Defendant automatically deducted 60 minutes from each shift worked by each full-time hourly employee, regardless of whether such employee actually performed work for the Defendant.

42. The nature of the work performed by Plaintiff and similarly situated hourly employees including property managers and maintenance technicians, was such that the employees often did not stop working for the entire period for which a "meal break" was deducted.

43. On information and belief, at all times relevant, Defendant also rounded the actual time worked by its hourly employees such that employees who clocked in early or clocked out late did not receive compensation for such time worked.

44. Prior to the implementation of an electronic time clock system, Defendant failed to keep accurate records of the exact time worked by its employees, which caused Plaintiff and other similarly situated employees to be deprived of pay for all hours and overtime premium to which

they were entitled.

45. Defendant failed to accurately capture the exact hours worked, and it failed to pay Plaintiff and others similarly situated for time spent working through their so-called "meal breaks."

46. Plaintiff worked more than 40 hours per week without overtime compensation for all hours worked over 40.

47. At all times relevant, Defendant knew, or should have known, that the FLSA applied to Plaintiff and others similarly situated.

48. Defendant knew or should have known of Plaintiff's hours worked, and knew that it was obligated to pay minimum and/or overtime wages to Plaintiff and similarly situated employees. Defendant willfully failed to do so. Alternatively, Defendant showed reckless disregard for whether its actions complied with the FLSA.

## **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendant:

    A. money damages for all unpaid overtime compensation;

    B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

    C. pre-judgment and post-judgment interest;

    D. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

    E. injunctive relief including but not limited to: an order permanently

enjoining Defendant from retaliating against Plaintiff; and an order permanently enjoining Defendant from prospectively violating the FLSA with respect to Plaintiff and the putative collective action members and similarly situated employees;

      F.    reasonable attorney's fees and costs expended in the prosecution of this case;

      G.    any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

              **Respectfully submitted,**

              **Gina Bishop on behalf of herself and others similarly situated Plaintiffs**

      By:  /s/ Craig J. Curwood
              Attorney for Plaintiff
              Craig Juraj Curwood (VSB No. 43975)
              Curwood Law Firm
              530 E. Main Street, Suite 710
              Richmond, VA 23219
              Telephone: (804) 788-0808
              Fax: (804) 767-6777
              Email: ccurwood@curwoodlaw.com